## No. 6181.

### JOHN DAILEY *v.* THE STATE.

1. PLAYING CARDS, ETC.—INFORMATION.—A "gin" is not one of the places or houses designated by the statute as a "public place." To charge the offense of playing cards in a public place, "to wit, a gin," the information should have charged the facts which constituted the gin a public place.

2. SAME—FACT CASE.—The information charged that the accused played the cards in Starkey's gin. The proof was that he played cards in a fence corner, in a pasture and in a room near Starkey's gin, but not at the gin. *Held*, insufficient to support a conviction.

APPEAL from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The opinion discloses the nature of the case.

The penalty assessed against the appellant was a fine of ten dollars.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is not supported by the evidence in the record. Defendant is charged in the indictment with playing cards at a public place, to wit, at Starkey's gin. It was not proved that he played cards at said gin.

Furthermore, the indictment is bad. A gin is not one of the places or houses designated by the statute as *public*; wherefore it was necessary to allege in the indictment the facts which made it a public place. (Tummins v. The State, 18 Texas Ct. App., 12.)

The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*